IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SILVER GRYPHON, L.L.C., A TEXAS LIMITED LIABILITY COMPANY, § § § | | |
| Plaintiff. § § | | |
| v. § § | | |
| WELLS FARGO BANK, N.A., AS TRUSTEE FOR THE REGISTERED HOLDERS OF MORGAN STANLEY ABS CAPITAL TRUST 2007-HE4, MORTGAGE PASS-THROUGH CERTIFICATES 2007 HE4 § § § § § § § § | CIVIL ACTION NO. H-14-3539 | |
| Defendant. § § | | |
| v. § § | | |
| CYRENA KIMBERLY GULER and JESSE WILLIAM GULER, § § § | | |
| Defendants. § | | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Silver Gryphon, L.L.C. ("Plaintiff") sued Wells Fargo Bank, N.A., as Trustee for the Registered Holders of Morgan Stanley ABS Capital Trust 2007-HE4, Mortgage Pass-Through Certificates 2007-HE4 ("Wells Fargo" or "Defendant") in the 129th Judicial District Court of Harris County, Texas, under Cause No. 2014-69867.[1] Defendant removed to this court.[2] Pending before

---

[1] See Plaintiffs' Original Petition, and Application for Temporary Restraining Order ("Original Petition"), Exhibit C-1 to Defendant's Notice of Removal, Docket Entry No. 1-4.

[2] Defendant's Notice of Removal ("Notice of Removal"), Docket Entry No. 1.

the court is Defendant's Motion for Summary Judgment ("Motion for Summary Judgment") (Docket Entry No. 19). For the reasons stated below, the Motion for Summary Judgment will be granted, and this action will be dismissed with prejudice.

## I. Background

In October of 2006 Jesse and Cyrena Guler executed a note (the "Note") in favor of Decision One Mortgage Company, LLC.[3] The Note was secured by a deed of trust (the "Deed of Trust") also in favor of Decision One Mortgage Company, LLC.[4] The Deed of Trust identified the Gulers' Harris County property (the "Property") as collateral for the Gulers' loan.[5] The Gulers defaulted on their loan in 2009 and have not made any payments since.[6] In June of 2011 MERS, a beneficiary under the Deed of Trust, assigned the Deed of Trust to Defendant.[7] Plaintiff purchased the Property at a constable's sale in September of 2013, apparently in relation to an action brought against the Gulers by their homeowner's

---

[3] See Adjustable Rate Note, Exhibit 1A to Motion for Summary Judgment, Docket Entry No. 19-2.

[4] See Deed of Trust, Exhibit 1B to Motion for Summary Judgment, Docket Entry No. 19-3.

[5] See id. at 2.

[6] See Declaration of Select Portfolio Servicing, Inc., Exhibit 1 to Motion for Summary Judgment, Docket Entry No. 19-1, p. 2 ¶¶ 6-7; Original Petition, Exhibit C-1 to Notice of Removal, Docket Entry No. 1-4, pp. 2-3 ¶ 10.

[7] Corporation Assignment of Deed of Trust/Mortgage, Exhibit 1C to Motion for Summary Judgment, Docket Entry No. 19-4.

association.[8] In October of 2014 Defendant's mortgage servicer notified the Gulers that Defendant had elected to accelerate the Gulers' loan and intended to foreclose on the property.[9] Plaintiff became aware that the Property was posted for foreclosure, and this litigation ensued.[10]

## II. Standard of Review

Summary judgment is appropriate if the movant establishes that there is no genuine dispute about any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). Disputes about material facts are genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 106 S. Ct. 2505, 2510 (1986). The moving party is entitled to judgment as a matter of law if "the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof." Celotex Corp. v. Catrett, 106 S. Ct. 2548, 2552 (1986).

"In order to avoid summary judgment, the nonmovant must identify specific facts within the record that demonstrate the

---

[8]See Original Petition, Exhibit C-1 to Notice of Removal, Docket Entry No. 1-4, p. 2 ¶ 6.

[9]Notice of Maturity/Acceleration of Texas Recourse Loan and Enclosing Notice of Substitute Trustee's Sale, Exhibit 1G to Motion for Summary Judgment, Docket Entry No. 19-8, pp. 2-4.

[10]See Original Petition, Exhibit C-1 to Notice of Removal, Docket Entry No. 1-4, p. 2 ¶ 8.

existence of a genuine issue of material fact." CQ, Inc. v. TXU Min. Co., L.P., 565 F.3d 268, 273 (5th Cir. 2009). "The party must also articulate the precise manner in which the submitted or identified evidence supports his or her claim." Id. (internal quotation marks and citation omitted). "When evidence exists in the summary judgment record but the nonmovant fails even to refer to it in the response to the motion for summary judgment, that evidence is not properly before the district court." Id. (same).

In reviewing the evidence "the court must draw all reasonable inferences in favor of the nonmoving party, and it may not make credibility determinations or weigh the evidence." Reeves v. Sanderson Plumbing Prods., Inc., 120 S. Ct. 2097, 2110 (2000). Factual controversies are to be resolved in favor of the nonmovant, "but only when there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts." Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994).

### III. Analysis

Plaintiff's Original Petition makes numerous factual allegations but pleads no specific causes of action. To the extent that they do state a cognizable claim, Plaintiff's factual allegations lack merit, and summary judgment is appropriate. As a threshold matter, Plaintiff alleges that (1) the Deed of Trust was never assigned to Wells Fargo;[11] (2) Wells Fargo is not the owner

---

[11]Original Petition, Exhibit C-1 to Notice of Removal, Docket Entry No. 1-4, p. 3 ¶ 11.

and holder of the Note and has no interest in the Deed of Trust;[12] and (3) Plaintiff never received notice of the trustee's sale.[13] The unrebutted evidence on summary judgment shows that (1) MERS, which was a named beneficiary of the Deed of Trust;[14] assigned the Deed of Trust to Wells Fargo in July of 2011;[15] (2) Wells Fargo's loan servicer is presently in possession of the Note, endorsed in blank;[16] and (3) a Notice of Substitute Trustee's Sale was sent to Plaintiff on October 29, 2014.[17] Plaintiff has neither responded to Defendant's Motion for Summary Judgment nor proffered any evidence in support of its factual allegations.

Plaintiff further alleges that Defendant is barred from foreclosing on the Property by the applicable statute of limitations.[18] This allegation is conclusory, and it is directly refuted by the evidence in the record. Under Texas law a real

---

[12] Id. at 3 ¶ 12.

[13] Id. at 2 ¶ 9.

[14] Deed of Trust, Exhibit 1B to Motion for Summary Judgment, Docket Entry No. 19-3, p. 1 ¶ E.

[15] Corporation Assignment of Deed of Trust/Mortgage, Exhibit 1C to Motion for Summary Judgment, Docket Entry No. 19-4.

[16] Declaration of Select Portfolio Servicing, Inc., Exhibit 1 to Motion for Summary Judgment, Docket Entry No. 19-1, p. 2 ¶ 3; Adjustable Rate Note, Exhibit 1A to Motion for Summary Judgment, Docket Entry No. 19-2.

[17] Letter from Hughes, Watters & Askanase, L.L.P. to Silver Gryphon LLC, Exhibit 1G to Motion for Summary Judgment, Docket Entry No. 19-8, pp. 17-20.

[18] Original Petition, Exhibit C-1 to Notice of Removal, Docket Entry No. 1-4, pp. 2-3 ¶ 10.

property lien and the power of sale to enforce it become void if a lender does not seek to foreclose within four years of the day the cause of action accrues. Tex. Civ. Prac. & Rem. Code § 16.035; Holy Cross Church of God in Christ v. Wolf, 44 S.W.3d 562, 567 (Tex. 2001). "If a note secured by a real property lien is accelerated pursuant to the terms of the note, then the date of accrual becomes the date the note was accelerated." Khan v. GBAK Properties, Inc., 371 S.W.3d 347, 353 (Tex. App.—Houston [1st Dist.] 2012, no pet.). Where acceleration is optional at the election of the note holder, the cause of action accrues only when the note holder actually exercises its option to accelerate. Holy Cross, 44 S.W.3d at 566. Effective acceleration requires (1) notice of intent to accelerate, and (2) notice of acceleration. Id. at 566.

Paragraph 22 of the Deed of Trust gives the lender the option to accelerate the loan upon the borrower's default.[19] It is undisputed that "the original borrower had been in default on the original note for several years prior to Plaintiff's acquisition of the Property" in 2013.[20] The summary judgment evidence includes a November 30, 2009, notice of intent to accelerate[21] and an

---

[19] See Deed of Trust, Exhibit 1B to Motion for Summary Judgment, Docket Entry No. 19-3, p. 10 ¶ 22.

[20] See Original Petition, Exhibit C-1 to Notice of Removal, Docket Entry No. 1-4, pp. 2-3 ¶¶ 6, 10.

[21] Letter from BAC Home Loans Servicing, LP to Jesse William Guler and Cyrena Kimberly Guler, Exhibit 1D to Motion for Summary Judgment, Docket Entry No. 19-5.

October 29, 2014, notice of acceleration.[22] There is no evidence that Defendant accelerated the loan at issue prior to October 29, 2014. Accordingly, there is no evidence that the four-year statute of limitations has run, and summary judgment is appropriate.[23]

## IV. Conclusion and Order

The court concludes that Plaintiff has failed to raise a fact issue as to any cognizable claim for relief. Accordingly, Defendant's Motion for Summary Judgment is **GRANTED**, and this action will be dismissed with prejudice.

**SIGNED** at Houston, Texas, on this 11th day of August, 2015.

_____
SIM LAKE
UNITED STATES DISTRICT JUDGE

---

[22] Notice of Maturity/Acceleration of Texas Recourse Loan and Enclosing Notice of Substitute Trustee's Sale, Exhibit 1G to Motion for Summary Judgment, Docket Entry No. 19-8, pp. 2-4.

[23] Plaintiff seeks various declarations regarding the validity of liens on the Property and the identity of the owner. Original Petition, Exhibit C-1 to Notice of Removal, Docket Entry No. 1-4, p. 4 ¶¶ 18-19. "Both Texas and federal law require the existence of a justiciable case or controversy in order to grant declaratory relief." Val-Com Acquisitions Trust v. CitiMortgage, Inc., 421 F. App'x 398, 400 (5th Cir. 2011); see also Conrad v. SIB Mortg. Corp., No. 4:14-CV-915-A, 2015 WL 1026159, at *7 (N.D. Tex. Mar. 6, 2015) ("A declaratory judgment action requires the parties to litigate some underlying claim or cause of action."). Because Plaintiff's claims will be dismissed, its request for declaratory relief will be denied as well.